# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**T. K. STANLEY, INC.**                                                             **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:12-CV-48-KS-MTP**

**DRILLING STRUCTURES**
**INTERNATIONAL, INC.**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Dismiss [16] for lack of personal jurisdiction.

## I. BACKGROUND

Defendant, a Texas corporation, designs and manufactures drilling rigs. It contracted with Frontier Drilling, a Colorado corporation with its principal place of business in Oklahoma, to build a mast and substructure for a drilling rig in West Virginia.

Frontier later retained Plaintiff, a Mississippi corporation, to move the drilling rig to a new location in West Virginia. On November 23, 2011, during Plaintiff's installation of the rig at the new location, the mast fell, causing damages.

On November 25, 2011, Defendant sent a representative to West Virginia to inspect the damage. After consulting with Defendant and a representative from Plaintiff, Frontier decided to have Defendant fabricate a new mast. Defendant sent Frontier a proposal, which provided that the purchase price of the new mast was $690,000.00, F.O.B. Defendant's Houston, Texas, facility. The estimated time for

delivery was seven to ten days. Frontier accepted the proposal, and Plaintiff alleges that it "consented to the replacement mast" based upon Defendant's estimates of cost and time for delivery.

At the time Defendant provided the proposal, it did not know whether certain additions to the mast – required to make it "drill ready" – would be made in Houston at Defendant's facility, or in West Virginia at the drill site. At Frontier's request, Defendant made the required modifications in Houston. Plaintiff contends that the end result of these modifications was that the replacement mast was not comparable to the original one. Specifically, Plaintiff contends that the replacement was taller than the original, had a greater load capacity, and accommodated a different type of drive.

After the mast was completed, Frontier contracted with Plaintiff to deliver it to West Virginia. Defendant then forwarded invoices totaling $799,477.31 to Frontier for inspecting the damage to the original mast and fabricating and inspecting the installation of the replacement mast. In response, Frontier requested that Defendant forward the invoices to Plaintiff for payment, due to Plaintiff's role in damaging the original mast. Neither Frontier nor Plaintiff have paid the invoices.

On March 20, 2012, Defendant's counsel sent a letter to Plaintiff's counsel, demanding payment of the invoices. Three days later, Plaintiff filed its complaint in this matter, claiming that Defendant negligently or intentionally misrepresented the cost and time entailed in fabricating a replacement mast. Plaintiff further alleged that Frontier had charged it downtime costs of approximately $25,000.00 per day over a month because of the damage to the mast.

On April 14, 2012, Defendant filed its own complaint against both Frontier and Plaintiff in the United States District Court for the Southern District of Texas, and Frontier asserted various cross-claims against Plaintiff for the above-mentioned downtime costs. In this case, Defendant filed a motion to dismiss for lack of personal jurisdiction or, alternatively, improper venue.

## II. DISCUSSION

When the Court "rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie case that jurisdiction is proper." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). The Court is not limited to consideration of only the allegations in the plaintiff's complaint, but "all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A "federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). Mississippi's long-arm statute provides:

> Any . . . foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall

3

> do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57. In the present case, the Court's exercise of personal of jurisdiction over Defendant is inappropriate under all three prongs of the statute. Therefore, it is not necessary to conduct a due process analysis.

### A.     *Contract Prong*

In order for Defendant to be subject to the jurisdiction of Mississippi courts under the long-arm statute's contract prong, Defendant must have entered a contract with a Mississippi resident to be performed in whole or in part within Mississippi. *Id.*

Plaintiff argues that Defendant entered into a contract with it for the fabrication of a replacement mast. Plaintiff failed to allege the existence of such a contract in its complaint, but it argues that Defendant admitted the existence of such a contract in its demand letter of March 20, 2012. Therein, Defendant's counsel stated: "At the request of TK Stanley and Frontier Drilling, LLC, DSI constructed a replacement mast for the Rig." Accordingly, Plaintiff argues that it was a party to a contract with Defendant for the fabrication of a replacement mast, citing the demand letter and Defendant's communications with its representatives in West Virginia throughout the fabrication process.

Defendant argues that its contract was with Frontier, not Plaintiff. Defendant notes that it has received no consideration from Plaintiff, and that Plaintiff has specifically denied that it has any responsibility for the cost of the replacement mast.

4

Defendant also presented evidence that it initially presented the invoices to Frontier for payment, forwarding them to Plaintiff at Frontier's request.

"A valid contract must have . . . consideration . . . ." *Grenada Living Ctr., LLC v. Coleman*, 961 So. 2d 33, 37 (Miss. 2007). Plaintiff did not allege in its complaint or present any evidence that it provided consideration in exchange for Defendant's fabrication of the replacement mast. In fact, Plaintiff denies responsibility for the cost of the replacement mast. All of the evidence – including Plaintiff's conspicuous failure to allege the existence of such a contract in its complaint and continuing denial of any responsibility for the cost of the replacement mast – indicates that Defendant contracted with Frontier. The evidence further indicates that Defendant demanded payment from Plaintiff only after Frontier denied responsibility, and although Defendant sent Plaintiff a demand letter, the invoices are addressed to Frontier. Therefore, Plaintiff failed to demonstrate that a Mississippi resident was a party to the contract at issue, and jurisdiction is not appropriate under the long-arm statute's contract prong.

### B. Tort Prong

For purposes of Mississippi's long-arm statute, "personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). Plaintiff brought claims of negligent and intentional misrepresentation.

The elements of negligent misrepresentation are:

(1) a misrepresentation or omission of a fact; (2) that the representation

5

or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Hazlehurst Lumber Co. v. Miss. Forestry Comm'n*, 983 So. 2d 309, 313 (Miss. 2008). The elements of an intentional misrepresentation are:

(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010). Plaintiff argues that its reliance upon Defendant's misrepresentations and the resulting injury occurred in Mississippi.

Plaintiff alleged in the complaint that Defendant's engineer traveled to West Virginia to inspect the damaged mast, and "[k]nowing the parties were relying on him, he misrepresented the nature and extent of the damages and the repair work." Plaintiff did not allege that Defendant directed the misrepresentation to it in Mississippi. *See Vig v. Indianapolis Life Ins. Co.*, 384 F. Supp. 2d 975, 979 (S.D. Miss. 2005) (jurisdiction was appropriate where plaintiffs alleged that misrepresentation was directed to them in Mississippi). In fact, Plaintiff specifically alleged that the communications at issue occurred in West Virginia and Texas. Plaintiff apparently argues that because it is a Mississippi corporation, the reliance element necessarily occurred in Mississippi. Plaintiff has not offered any legal support for this argument, though. In any case, Plaintiff failed to allege any specific facts or offer any evidence

6

demonstrating that the decision to rely on the alleged misrepresentation occurred in Mississippi.

Plaintiff also argues that its injury occurred in Mississippi because it has incurred certain costs as a result of Defendant's misrepresentation. "[A] tort is committed in Mississippi when the injury results in this State." *Dunn v. Yager*, 58 So. 3d 1171, 1184 (Miss. 2011). "In determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury." *Jobe v. ATR Mktg.*, 87 F.3d 751, 753 (5th Cir. 1996); *see also Vig*, 384 F. Supp. 2d at 978-79. "[C]onsequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." *Jobe*, 87 F.3d at 753-54 (citing numerous cases).

The economic damages alleged by Plaintiff are the consequences of the alleged injury, which occurred in West Virginia and Texas – where the alleged misrepresentations occurred. Accordingly, Plaintiff failed to allege or provide evidence that Defendant committed a tort in whole or in part in Mississippi, and jurisdiction is not appropriate under the tort prong of the long-arm statute.[1]

---

[1]Plaintiff cites *Shaw v. Excelon Corp.*, 167 F. Supp. 2d 917 (S.D. Miss. 2001), in support of its argument that the tort prong of the long-arm statute provides jurisdiction in cases where the plaintiff discovers the injury in Mississippi. The *Shaw* decision provides no substantive analysis or legal authority on this issue. *Id.* at 920. In fact, the Court ultimately found that the defendant had no minimum contacts with Mississippi and had not purposely availed itself of the benefits and privileges of the state. *Id.* at 922. Absent more substantive analysis, the undersigned respectfully declines to apply *Shaw* in the manner suggested by

*C.     Doing Business Prong*

The long-arm statute provides jurisdiction over any corporation or person "who shall do any business or perform any character of work or service in this state." MISS. CODE. ANN. § 13-3-57. Plaintiff did not allege or provide any evidence that Defendant performed any work in Mississippi. Indeed, Plaintiff did not even argue that jurisdiction is appropriate under this prong of the long-arm statute. Accordingly, the Court concludes that jurisdiction is not appropriate under the doing business prong of the long-arm statute.

### III. CONCLUSION

For the reasons stated above, the Court finds that Mississippi's long-arm statute does not permit the exercise of personal jurisdiction over Defendant. Therefore, the Court **grants** Defendant's Motion to Dismiss [16] for lack of personal jurisdiction. This case is dismissed without prejudice.

SO ORDERED AND ADJUDGED this 10th day of July, 2012.

>                          *s/ Keith Starrett*
>           UNITED STATES DISTRICT JUDGE

---

Plaintiff.
    The Court also notes that Plaintiff has not alleged or provided evidence that it discovered the injury in Mississippi. Plaintiff apparently argues that it necessarily did so because it is a Mississippi corporation. As stated above, Plaintiff cited no legal authority in support of this argument, and the Court rejects it.

8